T.C. Memo. 2010-242

UNITED STATES TAX COURT

TONI LYNETTE KNIGHT, Petitioner,
AND ROBERT KNIGHT, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15590-08.                    Filed November 2, 2010.

Toni Lynette Knight, pro se.

<u>Peter C. Pappas</u>, for intervenor.

<u>Jeffrey S. Luechtefeld</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  This case is before us to review the denial
by respondent's Appeals Office (Appeals) of petitioner's request
for relief from joint and several liability for 2002 and 2003.
Petitioner requested relief under subsections (b), (c), and (f)

- 2 -

of section 6015.[1]  Respondent now concedes that petitioner is entitled to relief for those years under section 6015(c).[2] Intervenor, petitioner's husband during the years in issue, objects that petitioner does not qualify for relief under subsection (c) because, when she signed the returns, petitioner had "actual knowledge" of the items giving rise to the deficiencies.  See sec. 6015(c)(3)(C).

FINDINGS OF FACT

Introduction

The stipulation of facts consists of three paragraphs.  The first states that, when she filed the petition, petitioner resided in Florida.  The second states that Exhibit 1 is a copy of the notice of determination that, in March 2008, Appeals mailed petitioner denying her relief under section 6015(b), (c), and (f).  The third states that Exhibit 2 is a copy of the administrative record that the Appeals officer used to make the determination.  The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

---

[1]Unless otherwise stated, section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

[2]Respondent, however, continues to deny that petitioner is entitled to relief under sec. 6015(b) and (f).  Because we find that petitioner is entitled to complete relief under sec. 6015(c), we need not discuss sec. 6015(b) and (f).

Only respondent filed a brief in this case; both petitioner and intervenor expressly decided not to do so. Accordingly, we must conclude that petitioner and intervenor concede that respondent's proposed findings of fact are correct except to the extent that those findings are clearly inconsistent with the evidence in the record. See, e.g., Estate of Freeman v. Commissioner, T.C. Memo. 1996-372.

## Business Expenses

Petitioner and intervenor married in 1997, separated in 2004, and divorced in 2006. In 2002 and 2003 intervenor operated a bar and grill owned by his grandmother (Sports Inn). Both petitioner and intervenor had full-time jobs; they worked at Sports Inn at night and on weekends. Intervenor ran the business; petitioner assisted him by ordering beer and wine from distributors and waiting on patrons. Only intervenor, however, had signatory authority over the business bank account. In 2002 and 2003 Sports Inn was losing money. As a result, intervenor sometimes needed to pay business expenses from the couple's joint personal checking account. Petitioner knew that Sports Inn was losing money and that intervenor sometimes paid its expenses from their joint personal checking account.

Intervenor maintained all the records for Sports Inn. Before filing the 2002 and 2003 joint returns intervenor summarized the records (that is, listed the totals of all

revenues and expenses) in a spreadsheet on a single piece of paper.  Petitioner did not assist intervenor in preparing the spreadsheet.  Once intervenor had completed the spreadsheet and collected other necessary tax documents (e.g., the couple's Forms W-2, Wage and Tax Statement), he placed that information in a folder.  He showed petitioner the folder and gave her a chance to review it.  Intervenor did not discuss the business items with petitioner in detail; indeed, he did not tell her that he had no receipts for some of the expenses in the spreadsheet.  He then took the folder to H&R Block to have their joint return prepared. Intervenor remained at H&R Block while the return was completed; later, petitioner went to H&R Block to sign it.

The 2002 and 2003 Joint Federal Income Tax Returns

In 2002 and 2003 petitioner and intervenor filed joint Federal income tax returns claiming refunds.  Petitioner and intervenor deposited those refunds into their joint personal checking account.  In a subsequent examination of those returns, respondent disallowed unsubstantiated business expenses related to Sports Inn, including rent expenses and entertainment expenses.  For 2002 and 2003 respondent disallowed total expenses of $42,011 and $37,407, respectively.  Respondent made certain other adjustments, including automatic adjustments.  Taking account of all of the adjustments, respondent determined deficiencies in tax of $18,418 and $12,988 for 2002 and 2003,

respectively.  In May 2006 petitioner and intervenor signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, and agreed to the proposed adjustments and additional assessments of Federal income tax for 2002 and 2003.

OPINION

I.  Introduction

Spouses who file joint returns are jointly and severally liable for the tax owed.  See sec. 6013(d)(3).  Section 6015 provides three ways out of that liability.  See sec. 6015(b), (c), and (f).  To qualify for relief under section 6015(c), the requesting spouse must satisfy various requirements,[3] none of which is in issue.  If, however, the Commissioner convinces us that the requesting spouse had "actual knowledge" at the time she signed the return of the items giving rise to the deficiencies, then we will deny relief.  See sec. 6015(c)(3)(C).  The

---

[3]Sec. 6015(d)(3)(A) allocates the items giving rise to the deficiency as if the spouses had filed separate returns if, pursuant to sec. 6015(c), the requesting spouse shows that:

(1) the spouses made a joint return;

(2) when the requesting spouse elected to seek relief, the spouses were legally separated, divorced, or had not been members of the same household at any time during the previous 12 months;

(3) the requesting spouse elected to seek relief after the Commissioner asserted a deficiency but no later than 2 years after the start of collection activities; and

(4) the deficiency remains unpaid.

nonrequesting spouse may become a party to the action for redetermination of relief from joint and several liability. See sec. 6015(e)(4); Rule 325.

Respondent, however, concedes that petitioner is entitled to relief under section 6015(c). Intervenor, relying on the "actual knowledge" exception in section 6015(c)(3)(C), objects. Because respondent, who otherwise would bear the burden of proving that exception applies, concedes he cannot do so, there is the question of whether that burden shifts to intervenor. See Stergios v. Commissioner, T.C. Memo. 2009-15. As in Stergios, however, we need not answer that question today because the parties introduced sufficient evidence so that we can decide the issue by a preponderance of the evidence.

## II. Analysis

The only question is whether, when she signed the 2002 and 2003 joint returns, petitioner knew of any items giving rise to the deficiencies. Under section 6015(c)(3)(C), we look for "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency". Cheshire v. Commissioner, 115 T.C. 183, 195 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Section 1.6015-3(c), Income Tax Regs., describes, given a specific class of item, what the Commissioner must show that the requesting spouse knew. All of the items giving rise to the deficiencies here were deductions disallowed

for lack of substantiation. For fictitious or inflated deductions, the Commissioner must show that the requesting spouse knew "that the expenditure was not incurred, or not incurred to that extent." Sec. 1.6015-3(c)(2)(i)(B)(2), Income Tax Regs.

Because no party alleges that the relevant facts are different for the 2 years in issue, we shall consider 2002 and 2003 together. We find that petitioner did not know that any items giving rise to the deficiencies were not incurred or, if incurred, could not be substantiated. Our reasons are as follows.

Intervenor kept the records for Sports Inn; he summarized the information from those records on a spreadsheet, and he presented petitioner with only his summary of those records. He did not review his summary with petitioner in any detail, and he did not tell petitioner that, with respect to certain expenses, he had no receipts. Petitioner had no role in the management of Sports Inn. She did not have signatory authority over the business bank account, and she was not involved in maintaining the business records. She gave the returns in question only a cursory review. With respect to rent, intervenor testified that he paid his grandmother pursuant to a "family agreement". (Given that intervenor had no canceled checks to substantiate the rent expenses, we presume he paid his grandmother in cash.) Petitioner testified credibly that she believed that he was

paying rent. With respect to entertainment expenses, intervenor testified that he paid the "live musical bands * * * in cash" but lacked substantiation. We are convinced that, whatever review petitioner gave to the 2002 and 2003 joint income tax returns, she had no knowledge of the lack of substantiation for band or any other expenses.

III. <u>Conclusion</u>

We shall grant petitioner relief from joint and several liability for 2002 and 2003 under section 6015(c).

<u>Decision will be entered</u>

<u>for petitioner</u>.